[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff has brought this personal injury action against the defendant for damages arising from an alleged slip and fall on the defendant's premises. The plaintiff claims that the fall was due to ice and/or snow that the defendant negligently permitted to accumulate on her premises.
The defendant has brought an apportionment complaint against Joseph Cappucci, Jr. D/B/A Surrey Hill Landscaping, the CT Page 813 apportionment defendant. The apportionment complaint was brought pursuant to Public Act 95-111.
The apportionment defendant seeks dismissal of the apportionment complaint claiming that the apportionment complaint was not served within the 120 days required by P.A. 95-111. For the reasons set forth below, the motion is denied.
The facts are not in dispute. Public Act 95-111 provides that "the apportionment complaint shall be served within one hundred and twenty days of the return date specified in the plaintiff's original complaint." The return date for the plaintiff's original complaint was April 9, 1996. On August 7, 1996 the apportionment complaint was delivered to the sheriff for service. The sheriff therefore received the writ, summons and complaint on the 120th day after the return date on the plaintiffs original complaint. The sheriff served the apportionment complaint on August 9, 1996, 122 days after the plaintiff's return date on the original complaint.[1]
The issue is whether the provisions of General Statutes §52-593a operate to save the defendant's right to bring the apportionment complaint even though the complaint was served two days beyond the period prescribed by P.A. 95-111.
The apportionment defendant claims that the 120 day requirement is jurisdictional since the P.A. 95-111 creates a cause of action, apportionment, that did not exist at common law in Connecticut. He argues that strict compliance with the statute is required.
The defendant argues that § 52-593a applies to save the service.
General Statutes § 52-593a provides in relevant part:
 Except in the case of an appeal from an administrative agency governed by section 4-183, a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered . . . to the office of any sheriff within the time limited by law, and the process is served . . . within fifteen days of delivery.
§ 52-593a. CT Page 814
The legislature only excepted administrative appeals from the saving provisions of § 52-593a. Apportionment actions are not excluded. The apportionment process was delivered to the sheriff within the 120 days allowed by P.A. 95-111. The court finds that § 52-593a does apply to save the service. Accordingly, the motion to dismiss is denied.
So Ordered at New Haven, Connecticut 10th day of February, 1997.
Devlin, J.